IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MURPHY MITCHELL, #220979 § | |
| § | |
| v. § | CIVIL ACTION NO. G-04-659 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| TDCJ-CID § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Murphy Mitchell, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. Mitchell originally filed a Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983. The Court determined that his Complaint should be recharacterized as a habeas corpus action, and Petitioner re-filed the instant habeas petition. Mitchell states that on July 26, 2004, he was sentenced by the 212th District Court of Galveston County, Texas to eighty years imprisonment in the TDCJ-CID. He does not specify the nature of the charges on which he was convicted. No appeal was taken.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust his habeas remedies in state court before pursuing federal relief. 28 U.S.C. § 2254(b). In order to satisfy this requirement, a prisoner must present his claims to the state's highest court for review. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). In Texas, a prisoner who challenges his conviction must submit his habeas claims to the Texas Court of Criminal Appeals through Article 11.07 of the Texas Code of Criminal Procedure. Petitioner states that he has not done so in this case. Federal consideration of the instant habeas petition is therefore barred at this point because Petitioner has failed to exhaust his state court remedies.

However, the Court advises Petitioner that he may still be able to pursue his state remedies pursuant to Article 11.07, which does not contain a limitations period. The AEDPA

contains a one-year statute of limitations that requires Petitioner to file his federal writ in this case by August 26, 2005. As stated above, Petitioner can only seek federal writ after exhausting his state court remedies. The AEDPA's statutory period will be tolled while any properly-filed state court writ is pending. Thus, Petitioner will be required to pursue his state court remedies with diligence and to re-file his federal writ in a timely manner after the state court issues its decision.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Murphy Mitchell (Instruments Nos. 1, 3 and 12) be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies.

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner. Petitioner **SHALL** have until **June 30, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ___13th___ day of June, 2005.

John R. Froeschner
United States Magistrate Judge

2